IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIAM GUSTAVE WILWANT, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 4:13-CV-276-A |
| § | |
| WILLIAM STEPHENS, Director,[1] § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, William Gustave Wilwant, a state prisoner currently incarcerated in Teague, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens "is automatically substituted as a party." See FED. R. CIV. P. 25(d).

## I. Factual and Procedural History

On December 30, 2011, pursuant to a plea agreement, petitioner pleaded guilty to driving while intoxicated-subsequent offense in the 355th District Court of Hood County, Texas, and the trial court assessed his punishment at 35 years' confinement. (SHR at 89[2]) Petitioner did not directly appeal. (Pet. at 3) Petitioner filed a state postconviction habeas application challenging his conviction and sentence on January 28, 2013, which was denied by the Texas Court of Criminal Appeals on March 20, 2013, without written order.[3] (SHR at cover, 20) This federal petition was filed on March 29, 2013, in which petitioner claims the indictment was defective and thus his conviction and sentence are illegal (grounds one through four) and he received ineffective assistance of counsel (ground five).[4] (Pet. at 8-10,

---

[2]"SHR" refers to the state court record in petitioner's state habeas application no. WR-79,162-01.

[3]The prison mailbox rule applies to a petitioner's filing of his state postconviction application, *infra* note 4, however petitioner's state habeas application does not reflect whether it was mailed in the prison mailing system or when it was placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Nevertheless, allowing all leeway to petitioner, the court deems the state application filed on January 25, 2013, the date petitioner signed the application.

[4]A prisoner's habeas petition is deemed filed when it is placed in the prison mailing system for mailing. *Spotville v.*

13)   Respondent contends the petition is untimely.

## II.   Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

---

Cain, 149 F.3d 374, 377 (5th Cir. 1998).

3

toward any period of limitations under this subsection. 28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time petitioner had for filing a timely notice of appeal on Monday January 30, 2012,[5] and closed one year later on January 30, 2013, absent any applicable tolling. See TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Under the statutory tolling provision, petitioner's state habeas application operated to toll the limitations period 55 days, making his federal petition due on or before March 26, 2013. Petitioner's federal petition filed on March 29, 2013, is therefore untimely unless petitioner demonstrates he is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the

---

[5] June 29, 2012, was a Sunday.

4

petitioner's control prevents him from filing in a timely manner. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). There is no evidence whatsoever in the record that petitioner was prevented in some extraordinary way from asserting his rights in state or federal court. Nor did petitioner reply to respondent's preliminary response within the time allowed or otherwise assert a reason for his failure to file his petition in a timely manner.

The court notes that petitioner asserts in the petition itself that he can raise a challenge to a void sentence at any time and cites the court to USSG 1B1.1 et seq. and Title 18 of the United States Code. (Pet. at 12) However, the USSG and Title 18 of the United States Code do not apply to his state court sentence, and petitioner cites to no authority in support of his assertion that a challenge to a void sentence can be raised at any time, notwithstanding the federal statute of limitations. To the contrary, this court agrees with other federal district and circuit courts holding that a federal petitioner cannot evade the effect of the statute of limitations by the "simple expedient" of arguing that his conviction or sentence is void. *See Randall v. Director, TDCJ-CID*, Civil

Action No.2:07-CV-0204, 2008 WL 2128231, at *2 (E.D.Tex. May 16, 2008) (and cases cited therein); *Nortonsen v. Reid*, 133 Fed. Appx. 509, 510-11, 2005 WL 1253964, at *1-2 (10th Cir.), *cert. denied*, 546 U.S. 1040 (2005); *Tackett v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-450, 2012 WL 2094365, at *6 (S.D.Ohio June 11, 2012) (and cases cited therein); *Preston v. Thaler*, Civil Action No. H-10-1647, 2010 WL 3339225, at *3 (S.D.Tex. Aug. 23, 2010) (and cases cited therein); *Sherman v. Thaler*, No. H-09-1409, 2010 WL 1994348 at *2 (S.D.Tex. May 17, 2010) (and cases cited); *Madina v. Cain*, Civil Action No.05-2126, 2006 WL 2726506, at *3 (E.D.La. Sept. 20, 2006).

Petitioner's federal petition was due on or before March 26, 2013, therefore his petition filed on March 29, 2013, was filed three days beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for

the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated his petition was timely filed and made a substantial showing of the denial of a constitutional right.

SIGNED June 25, 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE